STATE OF WEST VIRGINIA

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.W.-1, M.W., and S.F.

**No. 16-0141** (Kanawha County 15-JA-103, 15-JA-104, and 15-JA-105)

## MEMORANDUM DECISION

Petitioner Mother A.W., by counsel Shawn D. Bayliss, appeals the Circuit Court of Kanawha County's January 12, 2016, order terminating her parental rights to A.W.-1[1], M.W., and S.F.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Lord, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) finding that petitioner abused and neglected her children, (2) denying her request for a post-dispositional improvement period, and (3) denying her post-termination visitation.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Because petitioner and one of the minor children share the same initials, we will refer to the child as A.W.-1 throughout this memorandum decision.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In April of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner abused A.W.-1, M.W., and S.F.[4] The DHHR alleged that A.W.-1, then fifteen years old, disclosed that petitioner's live-in boyfriend sexually abused her by forcing her to engage in oral, vaginal, and anal sex. The child further indicated that petitioner's boyfriend told her that he sexually abused her because petitioner "wouldn't give him any," and warned her not to report the abuse. A.W.-1 also disclosed that she had been previously sexually abused by her biological father, an unknown male, her step-uncle, and petitioner's boyfriend's son. The DHHR noted that A.W.-1 received treatment at River Park Hospital as a result of her previous disclosures and self-injurious behaviors. Later, the DHHR filed an amended petition that further alleged that petitioner was aware of her boyfriend's sexual abuse of A.W.-1, did nothing to prevent it, and failed to protect A.W.-1 from the abuse. The DHHR also alleged that petitioner did not believe A.W.-1's disclosures of sexual abuse, frequently discussed her sex life in the presence of her children, and told law enforcement investigators that her boyfriend did not sexually abuse A.W.-1 because "he does not like anal."

In May of 2015, the circuit court held a preliminary hearing wherein it heard the testimony of Maureen Runyon, forensic interviewer at the Child Advocacy Center, and received the reports from her interview with A.W.-1 Ms. Runyon testified that A.W.-1 disclosed to her that petitioner's boyfriend sexually abused her on two occasions and all of the children were performing sex acts on each other. She also testified that A.W.-1 told her that petitioner did not believe that her boyfriend sexually abused A.W.-1 because petitioner told A.W.-1 that she "knew where everybody was" on those occasions. Petitioner's boyfriend also testified and denied the allegations. However, petitioner and the boyfriend both testified that they knew the children were performing sex acts on each other and did nothing to stop it.

After hearing the testimony, the circuit court found probable cause to believe that the children were abused or neglected, petitioner's home was not safe, and there was no reasonable alternative to removal of the children. The circuit court ordered the children's removal and that petitioner undergo a psychological evaluation. The circuit court granted petitioner supervised visitation with A.W.-1, M.W., and S.F. and granted the boyfriend supervised visitation with S.F. In June of 2015, the guardian moved the circuit court to suspend the boyfriend's visitation with his daughter, S.F., based upon inappropriate behaviors between the boyfriend and S.F. According to the guardian's motion, the visitation supervisor noted that the boyfriend and S.F. "barely converse" but rather S.F. "lies on top of her father or between his legs while his arm is wrapped around [S.F.'s] chest area." The supervisor further noted that S.F. and her father were "very physical, hugging and kissing." The DHHR's family assessment report noted that the boyfriend continued to ask if his visits with S.F. had to be supervised and he only wanted to visit his daughter, S.F., but not his son.

In August of 2015, the circuit court held an adjudicatory hearing wherein it incorporated the evidence from the preliminary hearing into the adjudicatory record. Additionally, the circuit court heard testimony from a forensic psychologist who performed a parental fitness exam on the boyfriend. At the close of the hearing, the circuit court found, by clear and convincing evidence,

---

[4]Petitioner's boyfriend, D.F., is the biological father of S.F.

that petitioner was an abusing parent. The circuit court terminated both petitioner's and the boyfriend's supervised visitation of the subject children.

In November of 2015, the circuit court held a dispositional hearing wherein it heard the testimony of a DHHR worker. The worker testified that before petitioner's visitation was terminated, she permitted the boyfriend to visit the children in violation of the circuit court's order and stopped A.W.-1's therapy. Petitioner testified that she continued to live with her boyfriend. Following the presentation of the evidence, the circuit court found that petitioner failed to protect her children from sexual abuse and that the boyfriend sexually abused A.W.-1. The circuit court also found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that terminating petitioner's parental rights was in the children's best interests. The circuit court denied petitioner's motion for post-termination visitation and terminated petitioner's parental rights to the children by order dated January 12, 2016. It is from this order that petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the DHHR based its entire case upon the testimony of Maureen Runyon and that the evidence did not prove that petitioner failed to protect her children from sexual abuse. In support of her argument, petitioner contends that she presented A.W.-1 to the Child Advocacy Center for an interview after she was made aware of the sexual abuse. The Court, however, finds no error in adjudication below.

According to West Virginia Code § 49-1-201(A), an abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." We have also explained that

3

"W.Va. Code [§] [49-4-601(2)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Upon our review, we find that the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse. Maureen Runyon testified that A.W.-1 disclosed to her that petitioner's boyfriend sexually abused her on two occasions and the children were performing sex acts on each other. She also testified that A.W.-1 told her that petitioner did not believe that her boyfriend sexually abused A.W.-1 because petitioner told A.W.-1 that she "knew where everybody was" on those occasions. Ms. Runyon testified that A.W.-1 also disclosed to her that she had been previously sexually abused by her biological father, another male, her step-uncle, and petitioner's boyfriend's son, all while in petitioner's custody. Importantly, petitioner admitted that she knew the children were performing sex acts on each other and did nothing to stop it. Based upon the record, there was sufficient evidence that petitioner abused and neglected the children.

Next, petitioner argues that the circuit court erred in terminating her parental rights instead of granting her an improvement period as disposition. West Virginia Code § 49-4-610 provides circuit courts with discretion in granting improvement periods upon a showing, by clear and convincing evidence, that the parent is likely to fully participate in such an improvement period. In petitioner's case, she failed to satisfy this burden. While petitioner complains that the DHHR should have been required to make reasonable efforts to preserve her family unit, the evidence clearly indicates that she failed to prove that she was likely to participate in an improvement period.

We have held that, because abuse and neglect proceedings are remedial in nature,

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). It is clear from the record that petitioner failed to acknowledge any problem that services or an improvement period could correct. Instead of protecting her children, petitioner protected her boyfriend by maintaining that A.W.-1 was lying or dreaming about being sexually abused. According to the record, A.W.-1 was previously sexually abused by four other men while in petitioner's custody and at least two of those perpetrators are incarcerated as a result. Despite petitioner's knowledge of these incidents, she

4

continued to live with a fifth man accused of sexually abusing A.W.-1. Based upon the circumstances before it, the circuit court found that there was no evidence that petitioner would meaningfully participate in an improvement period. Thus, the circuit court correctly denied petitioner's motion for an improvement period.

Next, petitioner contends that the circuit court erred in terminating her parental rights when there were less restrictive dispositions available. However, upon our review of the record, we see no less restrictive disposition available in her case. Specifically, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Petitioner's complete unwillingness to acknowledge A.W.-1's abuse provided the circuit court with sufficient grounds for its finding that the conditions of neglect or abuse could not substantially be corrected. Further, the circuit court found termination of petitioner's parental rights was in the children's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such findings, circuit courts are directed to terminate a parent's parental rights. Therefore, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying her motion for post-termination visitation with the children. The Court, however, finds no error in this regard. We have previously held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

According to petitioner, the circuit court should have allowed her post-termination visitation because of the close bond between her and the children. She further argues that supervised visitation could be implemented to protect the children from any inappropriate actions

on her part. The Court, however, does not agree. According to the record, petitioner permitted the boyfriend to visit the children in violation of the circuit court's order and stopped A.W.-1's therapy. More importantly, the record shows that, despite petitioner's knowledge that A.W.-1 had been previously sexually abused, she continued to deny the current allegations and lived with another man accused of sexually abusing A.W.-1. As such, it is clear that even supervised visitation with petitioner was inappropriate, as she previously behaved in a way that is detrimental to the children's well-being. For these reasons, we find no error in the circuit court denying petitioner post-termination visitation because the same is clearly not in the children's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II